IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:07CR328-1 |
| | ) | |
| NICHOLAS ANTONIO COOPER | ) | |

DETENTION ORDER

This matter came before the Court on May 30, 2013, for a detention hearing and preliminary revocation hearing on whether probable cause exists to sustain the petition for supervised release action as to Defendant Nicholas Antonio Cooper ("Defendant"). See Fed. R. Crim. P. 32.1.

On the basis of the evidence presented by the United States Probation Officer, the Court finds probable cause to believe that the Defendant violated the terms of his supervised release as alleged in the petition for supervised release action. At the hearing, the Probation Officer testified that Defendant was released to supervision on January 3, 2012 and was subsequently placed on home detention with electronic monitoring on August 7, 2012, based on several concerns during the period from March-July 2012. Specifically, in June of 2012, Defendant was charged with felony possession of a stolen motor vehicle, felony fleeing or eluding arrest with a motor vehicle, and misdemeanor resisting a public officer. Those charges were subsequently dismissed. In July of 2012, Defendant was charged with assault on a female, which was dismissed when Defendant's girlfriend, the alleged victim, refused to cooperate. Defendant also

1

received citations for driving with a revoked license in both April and July of 2012, and for having an open container after consuming alcohol, also in April of 2012. In response to these events, the Probation Office recommended that Defendant participate in two months of home detention. However, the Probation Officer testified that while on home detention, Defendant took an unauthorized leave of absence on October 14, 2012, and went to an unauthorized location on October 15, 2012. According to the testimony, Defendant was verbally reprimanded for his conduct and his home detention was extended two additional days. Defendant completed the home detention program on October 24, 2012. The Probation Officer further testified that on March 26, 2013, Defendant was arrested for misdemeanor injury to real property after allegedly breaking his girlfriend's bedroom window. In addition, the Probation Officer testified that on May 4, 2013, Defendant was arrested for felony breaking and entering after allegedly breaking into a hotel room with two other individuals and stealing various items. The Court finds this evidence sufficient to establish probable cause as to the alleged violations in the Petition. Accordingly, the Defendant shall be held to answer at the revocation hearing.

The finding of probable cause of a supervised release violation is a constitutionally sufficient predicate for directing that the releasee, already convicted of a crime, be held in custody pending the revocation hearing. See Morrissey v. Brewer, 408 U.S. 471, 487 (1972) (holding that a finding of probable cause is a sufficient ground for detaining a parole violator); Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (holding that an alleged probation violator is entitled to the same due process set forth in Morrissey with respect to parole violators); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992) (applying the protections set forth in

Morrissey and Gagnon to revocations of supervised release); United States v. Stephenson, 928 F.2d 728, 732 (6th Cir. 1991) (holding that Morrissey's standards apply to supervised releases); see also Fed. R. Crim. P. 32.1.

Federal Rule of Criminal Procedure 32.1(a)(6) provides that a supervised releasee's eligibility for release pending the revocation hearing shall be in accordance with 18 U.S.C. § 3143(a). Under that section, the Court "shall" order that a supervised releasee be detained unless the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released[.]" 18 U.S.C. § 3143(a)(1). Rule 32.1(a)(6) further states that "[t]he burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person."

Having considered the evidence presented at the hearing, the Court cannot find by clear and convincing evidence that Defendant does not pose an unreasonable risk of danger to the community. In this regard, the evidence indicates that while on supervised release, Defendant was arrested and charged with injury to real property and felony breaking and entering, and failed to comply with the terms of his home detention on two separate occasions. As noted above, Defendant was also arrested and charged with felony possession of a stolen vehicle, felony fleeing or eluding arrest, and resisting a public officer in June of 2012, and assault on a female in July of 2012. The underlying conviction in this case was serious, involving the possession of a firearm by a felon, and Defendant's criminal history includes prior convictions for felony second degree kidnapping, misdemeanor assault inflicting serious injury, felony

3

breaking and entering, and multiple counts of felony common law robbery. In addition, the Petition notes that the Probation Officer has "received several calls from the community concerning [Defendant's] drinking and abusive behavior while intoxicated," and Defendant admits that he has a severe drinking problem.

Under these circumstances, the Court cannot find that Defendant has shown by clear and convincing evidence that he would not pose a risk to the community, given the seriousness of the underlying conviction, Defendant's criminal history and prior arrests, and Defendant's present alleged violations, which involve allegations of new criminal conduct committed while on supervised release, and a failure to fully comply with home detention when imposed.

IT IS THEREFORE ORDERED that Defendant be held in custody until the final revocation hearing in this matter.

This, the 3rd day of June, 2013.

/s/ Joi Elizabeth Peake<br>United States Magistrate Judge